IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BETTY S. STEPHENS,                    )
                                      )
        Plaintiff,                    )
                                      )        2:05-CV-01095-DRB
vs.                                   )        [WO]
                                      )
JO ANNE B. BARNHART                   )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
        Defendant.                    )

**ORDER ON MOTION**

Submitted now is the *Defendant's Motion to Remand* (Doc. 11, filed April 27, 2006), the

supporting memorandum (Doc. 12) and *Plaintiff's Response to Defendant's Motion to Remand*

(Doc.14, filed May 3, 2006).

For good cause based upon the Appeal Council's determination that remand is appropriate

for additional proceedings before an administrative law judge,[1] and based upon the Plaintiff's

advisement that she "has no objection to the granting of the Defendant's Motion to Remand", it is

hereby

        **ORDERED** that the *Motion* (Doc. 11) is **GRANTED** and the decision of the Commissioner

is **REVERSED AND REMANDED**, pursuant to *sentence four* of 42 U.S.C. §405(g) for further

---

[1]Upon receipt of the remand order, "the Appeals Council will remand this case to the ALJ
with directions to evaluate Plaintiff's subjective complaints in accordance with 20 C.F.R. §§404.1529,
416.929, and Social Security Ruling 96-7; to consider the evidence of record that Plaintiff could not
afford proper medical treatment; and to re-evaluate the medical opinions of record. The ALJ will also
reconsider whether Plaintiff can return to her past relevant work. In doing so, the ALJ will
specifically consider whether, based on her earnings, Plaintiff's previous employment as either a fast-
food worker, laundry worker, or waitress, constitutes past relevant work." (*Def's Mem.* at 1)(Doc.
12).

administrative proceedings.

The final judgment requested in the supporting memorandum will be entered.[2]

Done this 5th day of May, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

---

[2]Entry of the final judgment reversing and remanding this case will begin the appeal period which determines the 30-day period during which time a timely application for attorney fees under the Equal Access to Justice Act may be filed. (*Def's Mem.* at 2).